```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND

VAN CLEVE ASHLEY                  *
a/k/a QAWEE ALI
                                  *
         Petitioner
                                  *
         vs.                          CIVIL ACTION NO. MJG-11-3041
                                  *      (Criminal No. MJG-06-0034)
UNITED STATES OF AMERICA
                                  *
         Respondent
*        *        *       *       *        *        *       *       *
```

MEMORANDUM AND ORDER

The Court has before it Petitioner's Motion Filed Pursuant to 28 U.S.C. § 2255 [Document 64 in 06-0034] and the materials submitted relating thereto.  The Court finds that a hearing is unnecessary.

I.   BACKGROUND

On February 7, 2007 a jury found Petitioner guilty of conspiring to kill a witness in order to prevent his attendance in court proceedings, in violation of 18 U.S.C. §§ 1512(a)(1)(A) and (k) (Count One), conspiring to kill an informant in retaliation for providing information to a law enforcement officer, in violation of 18 U.S.C. §§ 1513(a)(1)(B) and (e) (Count Two), and the firearms offense set forth in 18 U.S.C. § 924(c) (Count Three).  On November 7, 2007, Petitioner was

sentenced to a total of 412 months of incarceration.[1]  Petitioner timely appealed.  On June 1, 2012, the conviction and sentence were affirmed, United States v. Ashley, 606 F.3d 135 (4th Cir. 2010).

On October 24, 2011, Petitioner filed, on time, the instant motion.

II. DISCUSSION

The appellate decision presents an adequate discussion of the evidence presented at trial.  Id. at 606 F.3d 137-38.

Petitioner contends that he is entitled to the rescission of his conviction and a new trial because:

1. He was incompetent to stand trial, and
2. He was denied the effective assistance of counsel.

A. Competence to Stand Trial

The Court addressed, prior to trial, Petitioner's contention that he was not competent to stand trial.  As set forth in the Memorandum and Order issued January 30, 2007 [Document 28 in 06-0034], the Court found that Petitioner was malingering and was competent to stand trial.  Petitioner has

---

[1] Count One – 290 months, Count Two – 240 months of which 52 months were consecutive and 188 months were concurrent, Count Three – 120 months consecutive.

presented nothing adequate to raise a realistic question about the correctness of that decision. Nor has Petitioner presented evidence adequate to support a contention that his physical health problems rendered him unable to assist counsel

B.  Ineffective Assistance of Counsel

In order to prevail on a claim that counsel's representation violated his Sixth Amendment right to effective assistance of counsel, Petitioner must show (1) that counsel's representation fell below an objective standard of reasonableness,[2] and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Id. at 694.

In this case the Petitioner bases his ineffective assistance claim upon the contentions that:

- Counsel failed to investigate and present testimony from Joseph Anthony Orlando.

- Counsel did not adequately inform the Court of Petitioner's medical condition.

---

[2] Thus overcoming a presumption that counsel's conduct was reasonable.

3

- Counsel was under investigation during trial and was subsequently disbarred.

1. Orlando

Petitioner contends that the Government's key witness lied about having a meeting with Petitioner at a law office. Petitioner states that Orlando would testify that there had been no such meeting. But, he presents no affidavit or other evidence indicating exactly what it is that Orlando would have said if he had been called as a witness. Even if Orlando would have testified rather than decline on Fifth Amendment grounds, it does not appear that his testimony would have materially – if at all – helped rather than hurt the defense's position. Petitioner did not reply to the Government statement that had Orlando testified as Petitioner contends, it would have presented Petitioner's statements made at a proffer session. These included admissions that Petitioner met Caruso, received money and a gun from Caruso, and recruited the shooter.

2. Medical Condition

As discussed above, the Court found Petitioner competent to stand trial. Petitioner presents a litany of injuries and medical problems prior to trial. However, he does not present

4

evidence – as distinct from his own opinion – that these matters did, in fact, render him unable to assist counsel at trial. Nor does he suggest – with the 20-20 hindsight now available – what could have been done at trial that would have created a reasonable probability of a "not guilty" verdict.

### 3.  Counsel's Disbarment

It appears that, some two and a half years after the trial of Petitioner's case, counsel was disbarred. The Court will assume that counsel was under some sort of investigation at the time of Petitioner's trial. The Court will further assume that counsel should have advised Petitioner of the status of the investigation. Nevertheless, whatever may have been the problems with counsel's action and/or inaction) in other cases, there has been no showing that he rendered ineffective assistance in Petitioner's case.

III. CONCLUSION

For the foregoing reasons:

1. Petitioner's Motion Filed Pursuant to 28 U.S.C. § 2255 [Document 64 in 06-0034] is DENIED.

2. This case shall be dismissed with prejudice.

4. Judgment shall be entered by separate order.

SO ORDERED, on Wednesday, May 30, 2012.

                                                /s/_____
                                             Marvin J. Garbis
                                 United States District Judge